**Andrew MURRAY, Plaintiff,**

v.

**PRISON HEALTH SERVICES, et al., Defendants.**

**No. 06 Civ 15426.**

United States District Court, S.D. New York.

Oct. 2, 2007.

Andrew Murray, Albany, NY, pro se.

Steven Neil Schulman, Office Of The Attorney General, New York State, New York, NY, for defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Andrew Murray ("Murray") brought this action pursuant to 42 U.S.C. § 1983 (" § 1983") while he was incarcerated at Green Haven Correctional Facility of the State of New York ("Green Haven"), alleging that defendants Robert Ercole ("Ercole"), who served as Superintendent; Don Stevens ("Stevens"), who served as Nurse Administrator; and Ruth Brown and Andy Doe, who served as nurses at Green Haven (collectively, "Defendants"), were deliberately indifferent to his medical needs during the month of December, 2006. Specifically, Murray claims that Defendants denied him the daily medication for his HIV infection.

Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Murray failed to exhaust administrative remedies, sufficiently allege personal involvement by Ercole, and state a claim upon which relief can be granted. Defendant Prison Health Services ("PHS"), a private entity, was served with process but did not respond by the July 30, 2007 deadline. On September 28, 2007, the Court dismissed Murray's amended complaint and indicated that it would set forth the findings, reasoning and conclusions of its ruling in a subsequent decision and order. Because the body of Murray's amended complaint makes no reference to PHS, the Court also dismissed, sua sponte, the amended complaint as against PHS. *See Wachtler v. County of Herkimer,* 35 F.3d 77, 82 (2d Cir.1994) (citations omitted); *Roberts v. I.R.S.,* 468 F.Supp.2d 644, 651 (S.D.N.Y.2006) (citation omitted). For the reasons discussed below, Defendants' motion to dismiss Murray's amended complaint is GRANTED and the amended complaint is DISMISSED in its entirety.

### I. FACTS

■ The following facts are taken primarily from Murray's amended complaint, dated March 18, 2007, and Murray's response to Defendants' motion to dismiss, filed August 10, 2007, which the Court accepts as true for the purpose of ruling on the motion to dismiss. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (*citing Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001)).

On December 23, 2005, Murray was transferred from the Down State Correctional Facility to Green Haven. Upon his

arrival at Green Haven, Murray told a nurse that he did not have his HIV medication and was informed that "it would be taken care of." Over the next few days, Murray made several requests for his HIV medication. On December 26, 2005, Murray requested an "Emergency Sick Call" because he thought his blood pressure was elevated. Murray was examined by nurse Andy Doe, who told Murray that he was suffering from an anxiety attack and explained that he would not have access to HIV medicine until the Green Haven pharmacist returned after the holiday weekend. During that time, Murray was also examined by nurse Ruth Brown, who ordered Murray's medication. Murray alleges that on December 29, 2005 he sent letters to Stevens and Ercole stating that he had not received his HIV medication for five days. It is unclear from Murray's amended complaint how long he went without the medication but it appears that it was less than one week.

## II. DISCUSSION

### A. STANDARD OF REVIEW

■■■ To survive a motion to dismiss, Murray "must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). In evaluating whether Murray has met these requirements, complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652,(1972)).

### B. EIGHTH AMENDMENT STANDARD

■■■ To state a claim under § 1983, Murray must show that, while acting under color of state law, Defendants deprived him of federal constitutional or statutory rights. *See Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir.2006). Murray claims that by reason of depriving him of the HIV medication, Defendants violated his Eighth Amendment protection from cruel and unusual punishment.

■■ ■ "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference' to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251(1976)). This standard includes both an objective "medical need" element measuring the severity of the alleged deprivation and a subjective "deliberate indifference" element measuring whether the prison official acted with a sufficiently culpable state of mind. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir.2003). Not every lapse in prison medical care will rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285. The Court does not address the merits of Murray's Eighth Amendment claims because it has determined that this petition must be dismissed, as discussed below, for failure to exhaust administrative remedies.

### C. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

■ The Prison Litigation Reform Act ("PLRA") states in relevant part that "no action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v.*

*Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Ortiz v. McBride,* 380 F.3d 649, 656 (2d Cir.2004) (acknowledging the exhaustion requirement and applying it to an alleged due process violation).

■ The New York State Department of Correctional Services ("DOCS") has a three-tiered grievance system, all levels of which must be exhausted before a § 1983 action may be brought in federal court. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983. An inmate must first file a complaint with the Inmate Grievance Resolution Committee ("IGRC"), whose determination may then be appealed to the Superintendent. *See Hemphill v. New York,* 380 F.3d 680, 682 (2d Cir.2004). Finally, DOCS permits an inmate to appeal the Superintendent's decision to the Central Office Review Committee ("CORC"). *See id.*

■ In the instant case, Murray did not file a complaint with the IGRC in connection with his claim of deliberate indifference to his medical needs. In support of Defendants' motion to dismiss, Defendants submitted two declarations from grievance records custodians, stating that Murray never filed a grievance at Green Haven or with the CORC, which renders administrative decisions related to the DOCS' Inmate Grievance Program. (*See* Declaration of Patrick Henn, dated July 17, 2007; and Declaration of Karen Bellamy, dated July 17, 2007.) Although Murray alleges that he sent letters to the Nurse Administrator and the Superintendent, these acts alone are not sufficient to satisfy the exhaustion requirement for Murray's deliberate indifference claim. *See Porter,* 534 U.S. at 524, 122 S.Ct. 983. Accordingly, Murray's claim must be dismissed against all defendants, pursuant to § 1997e(a), on the basis that he failed to exhaust his administrative remedies.

Defendants also move to dismiss Murray's amended complaint on the grounds of failure to sufficiently allege personal involvement by Ercole and failure to state a claim upon which relief can be granted. Because the Court finds that Murray's failure to exhaust administrative remedy is dispositive of this dispute, it grants Defendants' motion on this basis without addressing Defendants' remaining arguments.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Court's Order dated September 28, 2007, is amended to incorporate the discussion above; and it is further

**ORDERED** that the motion to dismiss (Docket No. 15) of defendants Robert Ercole, Don Stevens, Ruth Brown and Andy Doe is GRANTED; and it is further

**ORDERED** that the amended complaint of Andrew Murray is DISMISSED in its entirety.

The clerk of the Court is directed to close this case.

**SO ORDERED.**